

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable F. L. Massie
County Auditor
Wilbarger County
Vernon, Texas

Dear Sir:

Opinion No. 0-3931

Re: The proper compensation
for judge and clerks hold-
ing a county airport bond
election.

We have received your written request for an opinion
from this department. We quote from your request:

"On August 28th, Wilbarger County, Texas,
held an Election (County Wide) for the purpose
of voting on the issuance of $25,000.00 in
Bonds, for the purpose of buying a site for
an Air Port site, the bonds not to bear more
than 3% interest, and to be due in 20 years
with an option of paying off the remaining
balance at the expiration of the 10th year.

"Under Article No. 2938 Revised Civil
Statutes, all Judges and Clerks shall be paid
$2.00 per day and $2.00 extra to the Presiding
Judge for making the returns of the Election.

"Under Article No. 2943 Revised Civil
Statutes, it provides that the Judges and
Clerks of a General or Special Election shall
be paid $3.00 a day each and .30 cents per
hour for any time in excess of a days work,
consisting of 10 hours.

"Is such an election as above mentioned a
Special Election under the Statute, and what

in your opinion is properly due the judge and
Clerks for holding such an Election.

The authority for holding such an election, as re-
ferred to in your request, is Article 1269h, Section 2 of
Vernon's Civil Statutes of Texas which provides:

"Sec. 2. For the purpose of condemning
or purchasing either or both, lands to be
used and maintained as provided in Section 1
hereof, and improving and equipping the same
for such use, the governing body of any city
or the Commissioners' Court of any county,
falling within the terms of such Section,
may issue negotiable bonds of the city or of
the county, as the case may be, and levy
taxes to provide for the interest and sink-
ing funds of any such bonds so issued, the
authority hereby given for the issuance of
such bonds and levy and collection of such
taxes to be exercised in accordance with
the provisions of Chapter 1 of Title 22 of
the Revised Civil Statutes of 1925."

Article 704 (of Chapter 1 of Title 22, referred to
in the foregoing statute) of Vernon's Civil Statutes, as amend-
ed, provides, in part:

"* * *. Except as herein provided,
the manner of holding said election shall
be governed by the laws governing general
elections."

We have found no statutes specifically covering the
particular kind of election under consideration herein and pro-
viding the compensation for the election judge and clerks hold-
ing the same.

In our Opinion No. O-3682, a copy of which is enclosed,
this department discussed the applicability of either Article
2938 or Article 2943 of Vernon's Civil Statutes of Texas with
reference to the special senatorial election, just held, and the
pay of those holding said election. We held in that opinion that
Article 2943 was a later act and controlled as to the compensa-
tion of those holding such election. The reasons for such hold-
ing are fully discussed in said opinion.

We are of the opinion that the airport bond election, referred to in your request, is a special election. See Opinion No. 0-1323, a copy of which is enclosed and the authorities cited therein; 20 C. J. 56. Since such an election is a special election it follows that the judge and clerks that held the election, inquired about, should be compensated in accordance with Article 2943, supra, and not in accordance with the compensation provided in Article 2938, supra.

We trust that in this manner we have answered each of your inquiries.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED SEP 29, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By Harold McCracken

Harold McCracken
Assistant

HM:RS

ENCLOSURES



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN